STATE OF TENNESSEE ex rel. FREDDIE LAMAR WESTON,
Plaintiff in Error,

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary at Nashville, Defendant in Error.

413 S.W.2d 674.

(*Knoxville,* September Term, 1966.)

Opinion filed March 1, 1967.

John T. Baugh, Knoxville, for plaintiff in error.

George F. McCanless, Attorney General, and Paul E. Jennings, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal from the action of the trial judge in dismissing a petition for a writ of habeas corpus without an evidentiary hearing.

Plaintiff in error (petitioner) is now confined to the State Penitentiary serving a sentence of 10 to 20 years for robbery under convictions of 3 August 1954. Petitioner was paroled in November 1963 and in September 1964 convicted of armed robbery committed while on parole. Under this 1964 conviction petitioner was sentenced to serve 5 to 15 years, which sentence is to begin upon expiration of the 1954 sentences. The 1954 sentences will have been served on 3 November 1969.

Petitioner attacks the validity of the 1954 convictions first on the ground there was no preliminary hearing. There is no constitutional right to a preliminary hearing nor is a preliminary hearing a critical stage in this State. *State ex rel. Reed v. Heer,* 218 Tenn. 338, 403 S.W.2d 310, 311 (1966); *Dillard v. Bomar,* 342 F.2d 789 (6th Cir. 1965). No allegation is made that any plea was entered or any evidence obtained at the preliminary hearing which was to the prejudice of petitioner.

Petitioner next alleges he was never advised of his right to counsel. The rules regarding the right to counsel and the right to remain silent as set forth in *Escobedo v. State of Illinois,* 384 U.S. 478, 84 S.Ct. 1758,

12 L.Ed.2d 977 (1966) and *Miranda v. State of Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not applicable to the 1954 conviction of this petitioner because his trial was before the effective date of these rules, i.e. June 22, 1964, and June 13, 1966, respectively. See *Johnson v. State of New Jersey,* 384 U. S. 719, 86 S.Ct. 1772, 1781, 16 L.Ed.2d 882, 892 (1966). There is no contention petitioner asked for and was refused counsel. Petitioner admits he did not ask for counsel.

■ Petitioner admits he voluntarily agreed to and was given a polygraph test, but that he only agreed to a test concerning a certain robbery and murder of a taxi driver. That, under this test, he was cleared of any crime involving the taxi driver but in the course of this test he was questioned regarding other crimes; which questions about these other crimes resulted in him signing a confession to the crimes on which the 1954 convictions are based. Further this confession was used against him to obtain the 1954 convictions. The argument here is that, under these circumstances, this confession was illegally obtained through the use of a polygraph test.

In *United States v. McDevitt,* 328 F.2d 282 (6th Cir.) 1964 the court said:

Appellant contends that his confession was the result of the polygraph test and therefore was inadmissible. * * * The present appeal, however, does not involve a case where the operator attempted to testify, as an expert, as to what was indicated by the polygraph test. Though the reported cases are few, it seems to be well established that the use of a lie detector in the process of interrogation does not render a subsequent confession involuntary or inadmissible. *Tyler v. United*

*States,* 90 U.S.App.D.C.2, 193 F.2d 24, cert. denied, 343 U.S. 908, 72 S.Ct. 639, 96 L.Ed. 1326; *Commonwealth v. Jones,* 341 Pa. 541, 19 A.2d 389; *Commonwealth v. Hipple,* 333 Pa. 33, 3 A.2d 353; *Webb v. State,* 163 Tex. Tr.R. 392, 391 S.W.2d 331. See Wigmore, Evidence Sec. 999 (3d ed. 1940).

The District Court therefore was correct in holding that the voluntary confession signed by appellant was not rendered inadmissible by the fact that this confession was made following the polygraph test.

Petitioner does not claim the results of this polygraph test were introduced in evidence against him nor that his confession was other than freely and voluntarily given; but that, in some manner, this test coerced him into giving the confession. It may well be the results of the test, which must have been apparent to petitioner, influenced him to give the confession; but, since the results of such tests are not admissible in evidence, then what the officers might have found or learned from the test would not amount to inducing or coercing petitioner to sign a confession.

We think the trial judge was not in error in dismissing the petition. The allegations in the petition in regard to the 1964 convictions are premature since, even if such would invalidate the 1964 judgment, petitioner would still be confined under the 1954 convictions.

Judgment affirmed.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.