LESLIE PULLEY, Petitioner, v. W. S. HUNT, Warden, Tennessee State Penitentiary, Respondent.

Court of Criminal Appeals of Tennessee. Dec. 13, 1968.

Certiorari Denied by Supreme Court May 5, 1969.

Tyler Berry, III, Franklin, for petitioner.

George F. McCanless, Atty. Gen., Albert D. Noe, IV, Asst. Atty. Gen., Nashville, J. Alonzo Bates, Dist. Atty. Gen., Centerville, for respondent.

## OPINION

WALKER, Presiding Judge.

The petitioner below, Leslie Pulley, appeals from the dismissal of his habeas corpus petition after an evidentiary hearing.

By his petition he attacks two consecutive sentences for armed robbery of twelve and ten years, respectively, on his pleas of guilty. He contends that he was subjected to double jeopardy in that he was convicted of armed robberies of two people when only one crime was involved. He also contends that he was denied counsel at his interrogation and his confession was inadmissible; and that he did not have effective representation of counsel in that his attorney conferred with him only a few minutes.

The respondent's answer specifically denies all of the material allegations and also avers that the petitioner was convicted in six cases on his pleas of guilty, the last four of which are not attacked in this proceeding.

After a full evidentiary hearing, the trial judge made a clear and well-prepared finding of facts and conclusions of law with regard to each ground advanced by the petitioner.

The trial judge found, and it is not controverted, that the defendant pled guilty to armed robbery on September 24, 1965, and was sentenced to twelve years in the penitentiary; that on April 13, 1966, he pled guilty to armed robbery and was sentenced to ten years consecutive to the first sentence; on the same date he pled guilty to burglary in the third degree, with three years imprisonment, to two cases of burglary, with five years imprisonment, and to taking an automobile without the owner's consent, with one year's imprisonment; each of the last four sentences were ordered to run concurrently with his other sentences.

There is no contention that these last four sentences are not valid or that they have been served. The respon-

dent's right to detain under these sentences is not challenged. The petitioner would not be entitled to immediate release, even if the armed robbery sentences are void. Although the trial judge did not dismiss the petition for prematurity, we think that it is premature and must be dismissed for that reason. In Ussery v. Avery, Tenn., 432 S.W.2d 656, our Supreme Court said:

"Here again, the issue is resolved by a plain provision of the Habeas Corpus Act. T.C.A. § 28-1831 provides that the party detained shall be remanded to custody, when it appears *the time during which he may be legally detained has not expired*:'. No provision is made for passing on the validity of a judgment other than to release or detain."

To the same effect: State ex rel. Weston v. Henderson, 220 Tenn. 1, 413 S.W.2d 674, and State ex rel. Dickens v. Bomar, 214 Tenn. 493, 381 S.W.2d 287.

In his findings, the trial judge considered all of the petitioner's contentions and found them without merit. In this we think he was correct.

The writ of habeas corpus is not available to the petitioner at this time because, if released from the confinement on the petition filed here, he would still remain confined in the penitentiary under the convictions for burglary. The petition must, therefore, be dismissed and the petitioner remanded to the custody of the warden.

The judgment of the trial court dismissing the petition is affirmed.

We thank appointed counsel, Tyler Berry, III, of the

Franklin Bar, for his competent representation of this petitioner.

GALBREATH, J., did not participate in this case.

OLIVER, J., concurs.