# STATE OF TENNESSEE ex rel. VICTOR SMITH and THOMAS COLEMAN, Petitioners, v. C. MURRAY HENDERSON, Warden, Respondent.

Court of Criminal Appeals of Tennessee. Sept. 25, 1969.

Certiorari Denied by Supreme Court Dec. 1, 1969.

594

Hugh W. Stanton, Jr., Memphis, for petitioners.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Billy F. Gray, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

In their habeas corpus petition, Victor Smith and

Thomas Coleman say that their 1959 convictions for rape and sentences to 25 years' imprisonment were void because they were arrested without a warrant, they were not represented by counsel at interrogation and were threatened by officers, they were not represented by counsel at the preliminary hearing, they were convicted on circumstantial evidence, and the Legislature was improperly apportioned at the time of their convictions.

Counsel was appointed to represent the petitioners in this proceeding. The respondent answered and filed a motion to strike the petition. After argument on the questions involved, the court dismissed the petition without hearing evidence and the petitioners have appealed to this court.

These petitioners and four others were convicted of rape in Shelby County on February 26, 1959, and their convictions affirmed by our Supreme Court in an opinion of which we take judicial notice.

In his order dismissing the petition, the trial judge shows all the grounds presented by the petition and his conclusions of law in regard to each of them. In this we think we correctly held that the petitioners are entitled to no relief.

■ A warrant for arrest is not necessary when a felony has in fact been committed and an officer has reasonable cause to believe the person arrested has committed it. T.C.A. Sec. 40-803(3). Thompson v. State, 185 Tenn. 73, 203 S.W.2d 361.

■ ■ The trial occurred long before Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d

694 (1966), and its right to counsel provisions do not apply. The Supreme Court found that all statements by the defendants in the case were voluntarily made and that the officers did nothing to force them to make statements or to put them in fear. This question has been previously determined. T.C.A. Sec. 40-3811— 40-3812.

The preliminary hearing is not a critical stage in the proceedings in this state. State ex rel. Weston v. Henderson, 220 Tenn. 1, 413 S.W.2d 674. A defendant may be convicted on circumstantial evidence and this violates none of his constitutional rights. Both petitioners claimed consent of the victim and Coleman testified that he had sexual relations with her. Habeas corpus may not be used as a substitute for an appeal. The sufficiency of the evidence in the case has already been determined by the Supreme Court on appeal.

The claim of malapportionment of the Legislature is no ground for habeas corpus. State ex rel. Fralix v. Bomar, 214 Tenn. 516, 381 S.W.2d 297.

Smith assigns as error that the judgment is void as to him because, as a juvenile, he was sentenced to the State Training School for Boys and that there is no authority to detain a juvenile beyond his twenty-first birthday. The petition does not allege this ground and it was not before the trial court. Nevertheless, this court will consider the question.

The petition does show that Smith was later transferred to the State penitentiary and is now there confined. Under T.C.A. Sec. 37-265, he was tried as an adult and convicted of rape, a capital offense. That

section provides for the transfer to the penitentiary of an inmate of a juvenile institution who has attained the age of eighteen to complete the service of his sentence.

All assignments are overruled, and the judgment below is affirmed.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

GALBREATH and OLIVER, JJ., concur.