Norman Q. WRIGHT, Petitioner,

v.

Nevil C. TRAMMELL, Jr., et al.,
Respondents.

Civ. A. No. 3:85–0580.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 10, 1985.
Supplemental Memorandum Opinion
June 24, 1985.

Norman Q. Wright, pro se.

Raymond Leathers, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION
## AND ORDER

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Norman Quincy Wright, Jr., a prisoner of the state of Tennessee, seeks the federal writ of habeas corpus, claiming constitutional-deficiencies in proceedings before Tennessee's board of pardons and paroles allegedly resulting in the revocation of his parole. *See Gagnon v. Scarpelli*, 411 U.S. 778, 791, 93 S.Ct. 1756, 1764, 36 L.Ed.2d 656 (1973) (state-prisoner entitled to writ of habeas corpus where state parole or probation revocation-proceedings do not pass constitutional-muster). Mr. Wright does not claim to have

presented to the courts of Tennessee any of the three grounds raised herein, but contends instead that no state-remedies were (or are presently) available to him because the courts of Tennessee lack jurisdiction to review parole-revocation matters.*

■ An exception to the rule, requiring a state-prisoner to present his federal claims to the state-courts before seeking federal habeas-corpus relief, exists " * * * if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. * * * " *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19 [3], 70 L.Ed.2d 1 (1981). " * * * Where the state does not afford a remedy, a state prisoner may apply for a writ of habeas corpus in the United States District Court to secure protection of his federal rights." *Jennings v. State of Illinois,* 342 U.S. 104, 111, 72 S.Ct. 123, 127 [5], 96 L.Ed. 119 (1951).

It hereby is

ORDERED that within 15 days herefrom the respondents answer the contention of the petitioner, that he was not required to exhaust his state-remedies because no such remedies exist. If the respondents should contend that such remedies exist, they should specify the same.

SUPPLEMENTAL MEMORANDUM OPINION, DETERMINATION, ORDER AND CERTIFICATE OF PROBABLE-CAUSE

The Court has considered the contention of the respondents that the petitioner has not exhausted remedies which are available to him under the laws of Tennessee herein. 28 U.S.C. §§ 2254(b), (c). It appears that the petitioner has not.

The gravamen of Mr. Wright's contentions regarding the allegedly unconstitutional actions of the process of the parole board of Tennessee, in revoking his conditional release from a Tennessee prison on parole, is that he was denied an opportunity to cross-examine the only witness appearing against him at its hearing, and that he was not furnished with a written statement as to the evidence relied on by such board and the reasons it took actions adverse to him.

These claims amount to allegations that the parole board of Tennessee acted illegally in taking the action against him that it did. *State v. Womack,* 591 S.W.2d 437, 442[6] (Tenn.App.1979), *cert. den.* by S.Ct. of Tenn. (1979). "The writ of certiorari may be granted * * * in all cases where an inferior tribunal, board or officer exercising judicial functions * * * is acting illegally, when, in the judgment of the court, there is no other plain, speedy or adequate remedy." T.C.A. § 27–8–101.

■ In addition to his right to relief under the Declaratory Judgment Act, T.C.A. §§ 29–14–101, *et seq., see* memorandum opinion and order herein of May 10, 1985 (p. 2 fn.), it appears Mr. Wright may proceed in a court of Tennessee with his claim that the parole board of Tennessee denied him substantive procedural-rights. *State*

---

* *State ex rel. Wade v. Norvell,* 1 Tenn.App. 447, 443 S.W.2d 839 (1969), seems to preclude the use of the Tennessee Habeas Corpus Act, T.C.A. §§ 29–21–101, *et seq.,* to challenge the validity of a revocation of parole. (It would seem, however, that, if a parole-revocation were unlawful, then the resulting detention would be likewise unlawful and subject to attack via habeas corpus procedure, the very purpose of which is to challenge the lawfulness of one's confinement). It has also been held that a revocation of parole is not reviewable under Tennessee's Post-Conviction Procedure Act, T.C.A. §§ 40–30–101, *et seq. Bratton v. State,* 477 S.W.2d 754, 755–756[1] (Tenn.Crim.App.1971).

On the other hand, the Supreme Court of Tennessee has said that the Constitution of Tennessee, art. 1, § 17, guarantees " * * * that a prisoner has a constitutional right to prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right * * *." *Whisnant v. Byrd,* 525 S.W.2d 152, 153[2] (Tenn.1975). The Declaratory Judgment Act, T.C.A. §§ 29–14–101, *et seq.,* has served also as a vehicle for securing a determination of an inmate's eligibility for parole. *See Doyle v. Hampton,* 207 Tenn. 399, 340 S.W.2d 891 (1960).

*v. Womack, supra,* 591 S.W.2d at 442 [4]. Therefore, as to the foregoing claims, Mr. Wright has available a remedy for the claims he alleges in the courts of Tennessee under its laws.

Mr. Wright makes the additional claim that the parole board of Tennessee gave no reason for starting the service of a second consecutive sentence of him on September 1, 1985, and that this violated his federal-constitutional right to due process of law. The respondents contend that this is a claim which cannot be considered until the expiration of Mr. Wright's first consecutive sentence, but, that he has a remedy under the Tennessee Habeas Corpus Act, T.C.A. § 29–21–122(b)(2), to test that question anytime on or after September 1, next.

It is true, as respondents assert, that the Supreme Court of Tennessee ruled more than a decade ago that its habeas corpus statute does not allow its prisoners to attack the constitutionality of a future consecutive sentence until a valid preceding sentence, being served, has expired. *Ussery v. Avery,* 222 Tenn. 50, [7], 432 S.W.2d 656, 658–659 (1968).** That Court stated *inter alia:*

> * * * [W]e do not think it is unreasonable to require a prisoner to serve the time he concedes is valid before applying for the writ. But, reasonable or not, it is required by our statute, which, in our opinion, is not unconstitutional. Nor is Peyton v. Rowe * * * [*infra*] * * * applicable. That case is based on the Federal Habeas Corpus Act. 28 U.S.C. § 2241(c)(3), and involves no constitutional right this Court is required to recognize. * * *

However, it is the supreme law of this land that "custody", for purposes of relief from unlawful detention via habeas corpus, means the aggregate of the entire time a prisoner is detained under any number of consecutive sentences under which he or she is required to remain imprisoned. *Peyton v. Rowe,* 391 U.S. 54, 64–65, 88 S.Ct.

1549, 1555[5], 20 L.Ed.2d 426 (1968). This Court notices judicially, Rules 201(a), (b), (c), (f), F.R.Evid., that the entire personnel of the Supreme Court of Tennessee has changed since *Ussery, supra,* was decided on October 11, 1968; so, it cannot be said herein that such question raised by this petitioner has " * * * recently been decided by the highest state court. * * * " *Robinson v. Berman,* 594 F.2d 1, 3 [10], (1st Cir.1979).

The petitioner is not justified in deciding for himself that the courts of Tennessee will deny him relief on this claim for procedural reasons under the circumstances extant. Before bringing any claims to federal court, the petitioner should have been sure that he had first taken each one to the state courts; that is the requirement of the vital exhaustion-of-remedies doctrine. " * * * Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master the straight-forward exhaustion requirement. * * * " *Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

■ This Court declines to find that Mr. Wright has established as to his latter claim the presence of a limited exception to 28 U.S.C. §§ 2254(b), (c), *supra,* because of the "unrecent" decision of the Supreme Court of Tennessee in *Ussery, supra.* That tribunal, as constituted presently, demonstrates no reluctance to subject statutes of Tennessee to tests under the federal Constitution, *see ergo, State ex rel. Shriver v. Leech,* 612 S.W.2d 454 (Tenn.1981), *cert. den. sub nom. Lipman v. Leech,* 454 U.S. 836, 102 S.Ct. 139, 70 L.Ed.2d 116 (1981).

It hereby is DETERMINED that an evidentiary hearing is not required herein, Rule 8(a), 28 U.S.C. fol. § 2254, and it appears Mr. Wright is not entitled to relief in this Court at this time for his failure to exhaust available state-remedies.

** *Accord: Pulley v. Hunt,* 440 S.W.2d 622, 1 Tenn. Cr.App. 78 (1969), *cert.den.* by S.Ct. of Tn.

(1969).

**4**

Accordingly, his petition hereby is DISMISSED summarily for that reason, Rule 4, 28 U.S.C. fol. § 2254, and the clerk forthwith will so advise Mr. Wright, *id.* Should the petitioner give notice timely of an appeal from this order and the judgment, which the clerk will enter thereon, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis, Rule 22(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, which, because only an issue of law is implicated, will ISSUE, Rule 22(b), F.R.App.P.