# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### GEORGE HARDIN v. JIM MORROW, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 2009-CR-45    Thomas W. Graham, Judge**

---

**No. E2009-01946-CCA-R3-HC - Filed April 12, 2010**

---

The Petitioner, George Hardin, appeals as of right from the Bledsoe County Circuit Court's order summarily dismissing his petition for a writ of habeas corpus. The State has filed a motion requesting that this court affirm the order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner seeks to re-litigate a previously litigated claim. Accordingly, the State's motion is granted and the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

George Hardin, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of first degree murder and sentenced to life imprisonment. On direct appeal, this court affirmed the conviction and sentence. State v. Larry David Reeves and George Edwin Hardin, No.3, 1989 WL 73005 (Tenn. Crim. App. at Jackson July 5, 1989), perm. app. denied (Tenn. Oct. 2, 1989). The Petitioner sought post-conviction relief based upon ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied relief. This court affirmed the post-conviction court's judgment on appeal. Larry David Reeves and George Edwin Hardin v. State, No. 02-

C-01-9107-CC-00159, 1992 WL 99053 (Tenn. Crim. App. at Jackson May 13, 1992), perm. app. denied (Tenn. Aug. 31, 1992).

On August 5, 2005, the Petitioner filed his first petition for a writ of habeas corpus in which he alleged that his judgment was invalid because the trial court lost jurisdiction to correct the judgment during the pendency of his direct appeal; there were no minute entries reflecting the jury's verdict and the trial court's approval of the verdict, and the trial court's correction of the judgment during the pendency of his appeal obviated the appellate court's jurisdiction to hear his appeal. The habeas corpus court summarily dismissed the petition for failing to state a cognizable habeas corpus claim. This court concluded that "the petition fail[ed] to establish on its face that the judgment was void or that the trial court lacked jurisdiction" and affirmed the summary dismissal on appeal. George Edwin Hardin v. State of Tennessee and Virginia Lewis, Warden, No. E2005-02944-CCA-R3HC, 2006 WL 3421271 (Tenn. Crim. App. Nov. 28, 2006), perm. app. denied (Tenn. Mar. 12, 2007).

It is unclear when the present habeas corpus petition was filed due to the absence of the Circuit Court Clerk's file stamp on any of the Petitioner's pleadings. However, we can discern from the attestations of the Petitioner and notary, that the petition was received on or about June 22, 2009. In the present petition, the Petitioner makes the same claims regarding the illegality of the judgment that were raised in the first petition. Accordingly, the habeas corpus court summarily dismissed the petition on September 11, 2009. This timely appeal followed.

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

"[I]t is a fundamental principle of law that the remedy of habeas corpus may not be used to resurrect and relitigate matters which have been raised and determined in a prior suit for habeas corpus, a prior suit for post-conviction relief, or on direct appeal unless a change in the law renders the petitioner's conviction void." Freddie Olden v. David Mills, Warden and the State of Tennessee, No. 332, 1991 WL 59366, at *2 (Tenn. Crim. App. at Knoxville Apr. 12, 1991) (citing State ex rel. Brown v. Newell, 391 S.W.2d 667, 670 (Tenn. 1965); State ex rel. Leighton v. Henderson, 448 S.W.2d 82, 89 (Tenn. Crim. App. 1969); State ex rel. Smith v. Henderson, 447 S.W.2d 880, 882 (Tenn. Crim. App. 1969); Morgan v. State, 445 S.W.2d 477, 478 (Tenn. Crim. App. 1969); State ex rel. Carroll v. Henderson, 443 S.W.2d 689, 692 (Tenn. Crim. App. 1969)). There has been no such change of law which would render the Petitioner's judgment or conviction void in this case.

Accordingly, upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the Petitioner has not established that he is entitled to habeas corpus relief. The State's motion is granted. The judgment of the habeas corpus court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE