IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 26, 2010

**ROBERT M. WINTERS v. JIM MORROW, WARDEN**

**Appeal from the Circuit Court for Bledsoe County**
**No. 2009-CR-17     Thomas W. Graham, Judge**

**No. E2009-01334-CCA-R3-HC - Filed June 7, 2010**

The pro se Petitioner, Robert M. Winters, appeals as of right from the Bledsoe County Circuit Court's order summarily dismissing his petition for a writ of habeas corpus attacking his convictions for felony murder and aggravated robbery. He alleges that his indictment is void for failing to charge an offense. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Robert M. Winters, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted by a Hamilton County jury of premeditated first degree murder, felony murder and aggravated robbery. The trial court merged the murder convictions and imposed concurrent sentences of life imprisonment and twelve years. On direct appeal, this court reversed the premeditated first degree murder conviction but affirmed the remaining convictions for felony murder and aggravated robbery, as well as the sentence. State v. Winters, 137 S.W.3d 641 (Tenn. Crim. App. 2003). The Petitioner filed an untimely petition for post-conviction relief, which was dismissed by the trial court. This court affirmed the dismissal on appeal. Robert Michael Winters v. State, No. E2005-01349-CCA-R3-PC, 2005 WL 3479506 (Tenn. Crim. App. Dec. 20, 2005), perm. app. denied (Tenn. May 1, 2006).

The Petitioner filed his first petition for a writ of habeas corpus alleging, in part, that his indictment for aggravated robbery and felony murder failed to state an offense. Following a summary dismissal by the habeas corpus court, this court concluded relative to the sufficiency of the indictment that the petition failed to state a cognizable claim and affirmed the dismissal. Robert M. Winters v. Cherry Lindamood, Warden, and State of Tennessee, No. M2007-02699-CCA-R3-HC, 2009 WL 774479, at *3 (Tenn. Crim. App. Mar. 25, 2009).

The Petitioner filed this second petition on May 26, 2009. In this petition, the Petitioner makes the same claims regarding the insufficiency of the indictment that were raised in the first petition. Accordingly, the habeas corpus court summarily dismissed the petition on June 10, 2009. This timely appeal followed.

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

"[I]t is a fundamental principle of law that the remedy of habeas corpus may not be used to resurrect and relitigate matters which have been raised and determined in a prior suit for habeas corpus, a prior suit for post-conviction relief, or on direct appeal unless a change in the law renders the petitioner's conviction void." Freddie Olden v. David Mills, Warden and the State of Tennessee, No. 332, 1991 WL 59366, at *2 (Tenn. Crim. App. at Knoxville Apr. 12, 1991) (citing State ex rel. Brown v. Newell, 391 S.W.2d 667, 670 (Tenn. 1965); State ex rel. Leighton v. Henderson, 448 S.W.2d 82, 89 (Tenn. Crim. App. 1969); State ex rel. Smith v. Henderson, 447 S.W.2d 880, 882 (Tenn. Crim. App. 1969); Morgan v. State, 445 S.W.2d 477, 478 (Tenn. Crim. App. 1969); State ex rel. Carroll v. Henderson, 443 S.W.2d 689, 692 (Tenn. Crim. App. 1969)). There has been no such change of law which

would render the Petitioner's judgment or conviction void in this case.

## CONCLUSION

Accordingly, upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the Petitioner has not established that he is entitled to habeas corpus relief. The judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE