## FLOYD E. MORGAN and CLARENCE L. MORGAN, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. April 25, 1969.

Certiorari Denied by Supreme Court Sept. 2, 1969.

Edward F. Hurd, Newport, for plaintiffs in error.

George F. McCanless, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Henry F. Swann, Dist. Atty. Gen., Newport, for defendant in error.

## OPINION

OLIVER, Judge.

The plaintiffs in Error and petitioners below, Floyd E. and Clarence L. Morgan, inmates of the State Penitentiary where they are serving consecutive sentences of thirty years and fifteen years for two armed robberies of which they were convicted in the Circuit Court of Cocke County on July 20, 1966, have appealed to this Court from the judgment of that court dismissing their petitions filed under the Post-Conviction Procedure Act of this State (T.C.A. §§ 40-3801 to 40-3824) after an evidentiary hearing.

By their first Assignment of Error, the petitioners contend that upon the evidence presented in the hearing upon their petition the trial judge should have voided their original convictions and granted them new trials because their convictions were based partially and largely upon confessions which they now deny making. That question has been foreclosed.

The Supreme Court of this State affirmed the convic-

tion of these petitioners in Morgan v. State, 220 Tenn. 247, 415 S.W.2d 879. Reviewing the entire record of their trial, in which the petitioners neither testified nor introduced any evidence, the Court found and held that "The evidence further shows that both defendants admitted the crime in the presence of their lawyer in Georgia after they had been advised of their rights and had been allowed to consult with their lawyer."

It is fundamental that habeas corpus may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction. State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W. 2d 667; Spaulding v. Taylor, 336 F.2d 192 (10th Cir. 1964).

Consonant with this principle, the Post-Conviction Procedure Act of this State provides, *inter alia:*

T.C.A. § 40-3811. "Scope of hearings.—The scope of the hearing shall extend to all grounds the petitioner may have, except those grounds which the court finds should be excluded because they have been previously determined, as herein defined."

T.C.A. § 40-3812. "When ground for relief is 'previously determined.'—A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing."

The petitioners' second and last Assignment of Error here is that "The Court erred in not vacating the judgment and granting said defendants a new trial for the reason that their defense in this case was not presented." The gist of this complaint is that the petitioners' mother

and Clarence L. Morgan's wife, who lived in Columbus, Georgia and whose testimony was essential to the petitioners' defense of alibi, were prevented from attending the trial by intimidation and fear that they might be arrested. They also attribute the failure of those two ladies to appear as witnesses at their trial to the failure of their retained counsel to take steps to secure their attendance. And in this connection, they also insist that this retained attorney did not adequately confer and advise with them in preparation for their trial, did not properly prepare the case, and at the trial advised them not to testify. In material substance this is the basis of the petitioners' charges in their petition that they did not have the effective assistance of counsel for their defense.

An excellent exposition of the law applicable to charges of inadequate legal representation in criminal cases is stated in Schaber v. Maxwell, 348 F.2d 664 (6th Cir. 1965):

"In Scott v. United States, 334 F.2d 72, 73 (C.A. 6), cert. denied, 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48, this court stated the general rule as follows:

'Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking the conscience of the Court, can a charge of inadequate legal representation prevail. The fact that a different or better result may have been obtained by a different lawyer does not mean that the defendant has not had the effective assistance of counsel. Mitchell v. United States, 104 U.S.App. D.C. 57, 259 F.2d 787, 789-791, cert. denied, 358

U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86; O'Malley v. United States, 285 F.2d 733, C.A. 6th; Anderson v. Bannan, 250 F.2d 654, C.A. 6th.'

"In Tompsett v. State of Ohio, 146 F.2d 95, 98 (C.A. 6), cert denied, 324 U.S. 869, 65 S.Ct. 916, 89 L.Ed. 1424, a case involving employed counsel, this court said:

'The incompetency or negligence of an attorney employed by a defendant does not ordinarily constitute grounds for a new trial and a fortiorari will not be grounds for the application of the Fourteenth Amendment. * * *

'The concept of this rule is that the lack of skill and incompetency of the attorney is imputed to the defendant who employed him, the acts of the attorney thus becoming those of his client and so recognized and accepted by the court, unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his attorney's defense of him or his lack of it and, after the trial has resulted adversely to defendant, obtain a new trial because of the incompetency, negligence, fraud or unskillfulness of his attorney.' "

Unquestionably the law is now settled that when a defendant is represented by privately retained counsel, no "State action" is involved, and the actions and nonaction of such private counsel are imputed to the defendant and not to the State. State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218. "It must be remembered that the Fourteenth Amendment is directed

at state action and not at the action of private individuals." State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772. In State ex rel. Johnson v. Heer, supra, the Court said this:

"* * * in order for the defendant's rights under the Fourteenth Amendment to come into play, there must be some action on the part of the State that deprives him of due process of law and/or equal protection of the law. * * *

"* * * It is recognized by all Courts that such is essential to the successful invocation of defendant's rights under the Fourteenth Amendment to the United States Constitution. The Federal Courts are not in disagreement. See Davis v. Bomar (C.C.A. 6th 1965) 344 F.2d 84, wherein it is said:

'When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely,

have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel.' "

See also State ex rel. Gann v. Henderson, 221 Tenn. 209, 425 S.W.2d 616.

The burden of proving their charges that their convictions and sentences were void was on the petitioners. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W. 2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232; Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965).

■ Only the petitioners testified at the hearing upon their petition. Their uncorroborated testimony does not sustain the burden of proof resting upon them, or justify granting the writ of habeas corpus, where the judgment is regular upon its face and entitled to the presumption of validity. Tibbett v. Hand, 185 Kan. 770, 347 P.2d 353, 355, cert. den. 363 U.S. 854, 80 S.Ct. 1634, 4 L.Ed.2d 1736; Tibbett v. Hand, 294 F.2d 68 (10th Cir. 1961). Manifestly, their unsupported testimony is not enough to invalidate their convictions. This must be so. It would be a strange and disastrous anomaly, intolerable alike in reason and law, to permit one duly convicted before a judge and jury to annul his trial by his uncorroborated testimony in a subsequent habeas corpus or post-conviction proceeding.

We have carefully reviewed this record, and have considered the separate *pro se* brief and argument of the petitioners. There is no merit in either of the Assign-

ments of Error. The judgment of the trial court is affirmed.

GALBREATH, J., did not participate in this case.

WALKER, P. J., concurs.