# LESTER H. SWAW, Appellant, v. STATE OF TENNESSEE, Appellee.

## 457 S.W.2d 875.

Court of Criminal Appeals of Tennessee. March 10, 1970.

Certiorari Denied by Supreme Court Aug. 17, 1970.

John J. Hestle and Thomas N. Bateman, Clarksville, for appellant.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, Noel R. Bagwell, Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

RUSSELL, Judge.

Lester H. Swaw, indigent and represented by appointed counsel, has appealed the dismissal after an evidentiary hearing of his petition for post-conviction relief. Swaw is serving a sentence of not less than one nor more than three years in the penitentiary arising out of his conviction upon a plea of guilty to petit larceny.

He does not attack the validity of the conviction itself, either in his petition or in his testimony. On the contrary, under direct examination by his attorney, the following question and answer appear:

"Q. Now, if I am correct, your basis of this is not your conviction in the Montgomery County Criminal Court, is that right?

"A. No, sir. I do not attack that."

The thrust of his petition is that the Criminal Court of Montgomery County had no authority or jurisdiction to try him because he alleges that he was forced to sign a waiver of extradition from Indiana to Tennessee in violation of his constitutional rights, that he was arrested in Indiana on a federal warrant charging flight to avoid prosecution but was not arrested by a federal officer; that he was not turned over to a federal officer after arrest; that he was never taken before a judge, magistrate, or commissioner before being returned to Tennessee; and that he was not afforded counsel in Indiana.

Swaw was the only witness who testified upon the evidentiary hearing. He stated that he was arrested in Indiana on a fugitive warrant and was taken into cus-

tody; that the officers told him to sign "extradition papers" and struck him when he refused and he did then sign blank papers; and that he was never advised of his rights or taken before a judge or magistrate or given requested counsel. He admitted that he did not call any of this to the attention of the court which tried him, because it was his plan to wait until after he got the charges against him reduced (which he did) and plead guilty to the lesser charge and then file this petition for a writ after he got to the penitentiary. He signed a written plea of guilty, a written waiver of a jury trial and a written waiver of appeal; and candidly admits that his conviction is not under attack. He simply objects to the way that he was brought before the court, and says that this entitles him to be released.

The trial court held that it did not find his allegations to be fact, and that they were insufficient in law even if true. We agree.

■ First, the burden of proof is upon the petitioner; and his uncorroborated testimony is insufficient to carry that burden, where the judgment is regular upon its face and entitled to the presumption of validity. Tibbett v. Hand, 185 Kan. 770, 347 P.2d 353, cert. den. 363 U.S. 854, 80 S.Ct. 1634, 4 L.Ed.2d 1736; Tibbett v. Hand, 294 F.2d 68 (10th Cir.1961); Farrell v. O'Brien, 189 F.2d 540 (1st Cir.1951), cert. den. 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634; Bates v. Meadows, 358 F.2d 674, cert. den. 87 S. Ct. 299, 385 U.S. 937, 17 L.Ed. 2d 217.

■ But also an insurmountable obstacle to the appellant is the settled law that the power of a court to try

a person is not impaired by the fact that he was brought within the court's jurisdiction illegally. In Frisbie v. Collins, 72 S.Ct. 509, 342 U.S. 519, 96 L.Ed. 541, rehearing denied 72 S.Ct. 768, 343 U.S. 937, 96 L.Ed. 1344, Mrs. Justice Black said, inter alia:

> "* * * due process of law is satisfied when one present in Court is convicted of a crime after having been apprised of the charges against him and after a full trial in accord with constitutional procedural safeguards. There is nothing in the Constitution that requires a Court to permit a guilty person lawfully convicted to escape justice because he was brought to trial against his will."

See also Overman v. United States, 281 F.2d 497 (6th Cir.1960), cert. den. 368 U.S. 993, 82 S.Ct. 612, 7 L. Ed.2d 530. See also 22 C.J.S. Criminal Law §§ 144, 146; and 4 Wharton's Criminal Procedure § 1484, at 39-40. See also Tartar v. State, 2 Tenn. Cas. (Shannon) 418 (1877), wherein it is held that one who had violated a criminal law of Tennessee could not escape punishment in Tennessee by showing that he was forcibly abducted from another state. The federal and State authorities support the rule that neither the court's power to try nor the due process rights of a criminal defendant are impaired by the manner in which the defendant is brought within the court's jurisdiction.

■■■ Here, the court had jurisdiction. Here, there was a valid guilty plea. It is well settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and *a waiver of all non-jurisdictional and procedural*

*defects and constitutional infirmities, if any,* in any prior stage of the proceeding. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; Reed v. Henderson, 385 F.2d 995 (6th Cir.1967); McCord and Anglin v. Henderson, 384 F.2d 135 (6th Cir.1967).

We conclude, therefore, that Swaw has neither alleged nor proven any grounds for post-conviction relief; and the action of the trial judge in dismissing his petition is affirmed.

We express recognition of and appreciation for the work of appointed counsel for the appellant.

HYDER and MITCHELL, JJ., concur.