IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 15, 2002

## STATE OF TENNESSEE v. BOBBY BLACKMON

**Direct Appeal from the Criminal Court for Sumner County**
**No. 7994      Jane Wheatcraft, Judge**

---

**No. M2002-00612-CCA-R3-CO - Filed May 30, 2003**

---

The appellant, Bobby Blackmon, appeals from the lower court's denial of his motion to modify and correct an illegal sentence or in the alternative petition for the writ of habeas corpus. Finding no error in the summary dismissal of the appellant's motion or petition, the judgment of the lower court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Bobby Blackmon, Tiptonville, Tennessee, *pro se*.

Paul S. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Dee David Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

The appellant was convicted in November of 1999, following a retrial on 1993 charges of possession of over 300 grams of cocaine with the intent to sell. He was sentenced to 38 years incarceration as a Range II offender. He filed a direct appeal to this Court who affirmed the appellant's conviction and sentence. State v. Blackmon, 78 S.W.3d 322 (Tenn. Crim. App. 2001). In February of 2002, the appellant filed a pro se motion to modify and correct an illegal sentence or in the alternative a petition for the writ of habeas corpus. The lower court denied the motion to correct the sentence and found that the appellant's allegations do not merit habeas corpus relief. The instant *pro se* appeal followed.

<u>Analysis</u>

In his action in the lower court the appellant attacks the validity of his sentence of 38 years incarceration as a Range II offender following his conviction for possession of over 300 grams of cocaine with the intent to sell. He contends the trial court erred in applying the sentencing law in effect at the time of sentencing rather than the law in effect at the time he committed the offense for which he was convicted. This question was decided in the appellant's direct appeal to this Court. In <u>State v. Blackmon</u>, 78 S.W.3d 322, 335-36 (Tenn. Crim. App. 2001), this Court agreed that the trial court erred in applying Tennessee Code Annotated section 40-35-210(c) as that section appeared in the year 2000 rather than applying the statute's provision as it appeared in 1993 when the appellant committed his offense. Nevertheless, in our <u>de</u> <u>novo</u> review of the appellant's sentence under the proper standard, on direct appeal this Court found the 38-year-sentence to be appropriate and therefore affirmed the sentence. <u>Id</u>. Thus, this issue has already been previously determined, is the law of the case, and cannot be revisited on habeas corpus review. <u>See</u> <u>Morgan v. State</u>, 1 Tenn. Crim. App. 454, 445 S.W.2d 477 (1969).

The appellant also complains that in February of 2002, the trial court erred in its award of pre-trial jail credits to the appellant's sentence following the appellant's attempt to correct his sentence. He claims that he is entitled to more credit than he has received toward his parole eligibility. However, such a dispute over the award of jail credit is not proper for habeas review since even if the appellant is correct his sentence would not be <u>void</u> nor would it have expired. Only under those circumstances would habeas corpus review be appropriate. <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000).

Because the claims asserted by the appellant are not appropriate for a writ of habeas corpus, the trial court correctly dismissed the petition without a hearing. Tenn. Code Ann. § 29-21-109; <u>Marlon Terrance Journigan v. State</u>, No. W2001-00370-CCA-R3-PC, 2001 WL 34076420, at *1, (Tenn. Crim. App. at Jackson, Aug. 10, 2001). Accordingly, the judgment of the lower court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE