IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 18, 2026 Session

## VERNON LEE IVEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Campbell County**
No. 18995    Elizabeth C. Asbury, Chancellor

_____

### No. E2025-00218-CCA-R3-PC

_____

Petitioner, Vernon Lee Ivey, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in denying his claim that trial counsel was ineffective for failing to advise Petitioner of his full sentencing exposure and statutory ineligibility for probation before Petitioner entered an open guilty plea. Petitioner also presents a stand-alone claim arguing that the post-conviction court erred when it determined that he intelligently, knowingly, and voluntarily entered his guilty plea. Upon review of the entire record, the briefs and arguments of the parties, and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P. J., and J. ROSS DYER, J., joined.

Wesley D. Stone, Knoxville, Tennessee, for the appellant, Vernon Lee Ivey.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Jared Effler, District Attorney General; and Lindsey C. Cadle, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In October 2017, a Campbell County grand jury returned a seventeen-count indictment which charged Petitioner with aggravated burglary, a Class C felony (counts one and fifteen); forgery, a Class E felony (counts two, three, and four); theft of property

valued at $1,000 or less, a Class A misdemeanor (counts five, six, seven, eight, eleven, twelve, and thirteen); theft of property valued over $1,000 but less than $2,500, a Class D felony (counts fourteen and seventeen); theft of property valued at $2,500 but less than $10,000, a Class D felony (count nine); burglary, a Class D felony (count ten); and, automobile burglary, a Class E felony (count sixteen). *State v. Ivey*, No. E2020-00022-CCA-R3-CD, 2021 WL 2138512, at *1 (Tenn. Crim. App. May 26, 2021). Petitioner's charges arose from his actions in the summer of 2017 when he broke into buildings and vehicles belonging to several different individuals and stole tools and other equipment.[1] *Id.*

Pursuant to a negotiated plea agreement, on September 3, 2019, Petitioner entered an open guilty plea to counts eight through seventeen with the trial court to determine his sentence; the State reduced counts fourteen and seventeen to Class E felonies and dismissed the remaining counts. Petitioner signed a plea waiver form affirming his understanding of his charged offenses and acknowledging that he had discussed the possible punishments of the offenses and had reviewed the sentencing range table with his attorney. The form also expressly stated that the court was authorized "to impose the same punishment" Petitioner would have received if "convicted by a jury," and that the court could consider prior convictions when imposing its sentence, which could result in an increase in Petitioner's sentence.

On October 4, 2019, two months prior to the sentencing hearing, the State filed a notice of enhancement factors for Petitioner's sentencing range, setting out Petitioner's prior felony and misdemeanor convictions, and asking the trial court to classify Petitioner as a career offender for the Class D and E felonies, and as a persistent offender for the Class C felony.[2]

*Sentencing Hearing*

At the sentencing hearing, the State submitted Petitioner's presentence report, which documented a lengthy criminal history dating back twenty-four years, including numerous prior theft and forgery convictions, along with a few drug and driving-related convictions. *Id.* The report also indicated that Petitioner was on parole at the time he committed the offenses in this case (case 17737). *Id.* Additionally, the report stated that while on bond in this case, Petitioner committed additional theft and burglary offenses (cases 18329 and 18330) to which he had pled guilty and received an effective six-year sentence. *Id.*

---

[1] We note the absence of additional facts underlying Petitioner's charges, as he failed to include a transcript of the plea submission hearing in the appellate record.

[2] The notice filed by the State also referenced a previously provided notice of enhancement as it pertains to offender class dated June 21, 2019, but that notice is not included in the record.

The State introduced certified copies of Petitioner's prior felony convictions in nine separate cases and argued that Petitioner should be sentenced as a career offender for the Class D and E felony convictions and as a persistent offender for the Class C conviction. *Id.* at *2. Petitioner conceded the number of convictions and emphasized that they were all non-violent convictions. He argued that "his whole [criminal] history [had] been fueled by addiction" which had led to "theft offenses of a non-violent nature." Petitioner asked the court to consider the nature of his offenses when determining his sentence and to "moderate that sentence" toward the lower end and not the higher end of the allowable range.

The trial court found Petitioner had the requisite prior convictions to be classified as a career offender for the Class D and E felonies and as a persistent offender for the Class C felony. *Id.* Based on the mandatory sentencing required for a career offender, the trial court sentenced Petitioner to twelve years at sixty percent for the Class D burglary conviction (count ten), twelve years at sixty percent for the Class D theft of property conviction (count nine), six years at sixty percent for each of the Class E felony theft convictions (counts fourteen and seventeen), and six years at sixty percent for the Class E automobile burglary conviction (count sixteen). *Id.* Additionally, the court sentenced Petitioner as a persistent offender to twelve years at forty-five percent for the Class C aggravated burglary conviction (count fifteen). *Id.* The court ordered concurrent sentences for counts nine and ten, concurrent sentences for counts fourteen, sixteen, and seventeen to be served consecutively to counts nine and ten, and that count fifteen be served consecutively to the other two sets of sentences, for a total effective sentence of thirty years' incarceration.[3] *Id.*

Petitioner appealed the trial court's sentencing determination, and this court affirmed the judgment of the court. *Id.* at *1. Our supreme court denied review. (Tenn. Sept. 22, 2021).

*Post-Conviction Proceedings*

In January 2022, Petitioner filed a timely pro se petition for post-conviction relief, raising a single claim of ineffective assistance of counsel:

> [Trial] Counsel informed [Petitioner] that the Prosecuting Attorney was offering a plea deal of ten (10) years to serve in the Tennessee Department of Correction[] at thirty-five (35%) percent, to be ran consecutive to a previous conviction of six (6) years. Counsel then told [Petitioner] that after

---

[3] The record reflects that Petitioner also received four concurrent sentences of eleven months and twenty-nine days for his misdemeanor theft convictions. Those convictions are not at issue in this appeal.

speaking with the Prosecuting Attorney again they agreed that the Court could not/would not impose a sentence of less than ten (10) years but not more than twelve (12) years if [Petitioner] [chose] to allow the Court to sentence him. Counsel explained that by letting the Court sentence [Petitioner] that Probation was likely, or at least possible, w[h]ere the straight up plea deal held no chance of Probation. Counsel reasoned that even if the argument failed and it went badly, all the Court could do was add on two (2) extra years to the plea deal he would be refusing. Counsel nor the Prosecuting Attorney told [Petitioner] that the charges could carry up to and [in] excess of thirty (30) years and that the Court could sentence [Petitioner] to Thirty (30) years to serve.

The post-conviction court issued a preliminary order and appointed counsel for Petitioner on May 25, 2023. Post-conviction counsel did not file an amended petition.

In its response to Petitioner's claim, the State contended that there was an offer made to Petitioner during the preliminary stages for a ten-year sentence as a Range II offender. However, the State maintained that the offer was made prior to Petitioner being charged with the offenses in cases 18329 and 18330, which occurred while on bond in case 17737. After those additional charges were filed, the State indicated that it made a "formal, written offer" to Petitioner which, if accepted, required Petitioner to agree to have the trial court determine his sentence in case 17737, in exchange for being allowed to plead guilty as a Range I offender for the newer charges. A copy of the written offer was attached as an exhibit to the State's response. The State argued that, based on the negotiations, Petitioner's trial counsel was not ineffective in any way, nor had Petitioner demonstrated that he had received ineffective assistance of counsel.

At the post-conviction hearing on January 24, 2025, Petitioner entered into evidence certified copies of the indictment and plea agreement, along with the presentence investigative report and the judgments of his convictions. Petitioner did not enter the transcript from his plea hearing.

Petitioner testified that he retained trial counsel in case 17737 because trial counsel had previously represented him in other criminal matters. While this case was proceeding, Petitioner was also represented by a different court-appointed attorney in cases 18329 and 18330. Petitioner said he met with both attorneys during discussions about a potential global resolution of his charges in all three cases. Petitioner testified that during one of those meetings, Petitioner asked "if [trial counsel] could get [him] a better offer" than the State's offer of "ten and six stacked." Petitioner stated that trial counsel went to talk to the State and when he returned, told Petitioner that "the only other offer . . . is for you to take a six [year sentence] at [thirty percent] on the new charges . . . and to agree to let [the trial

court] sentence you on the charges you have in [trial counsel's] case." Petitioner said he did not feel comfortable with having the trial court determine his sentence and asked trial counsel, "What is the worst [the trial court] can do to me?" Petitioner testified that trial counsel said he did not know and left again to speak to the State. When trial counsel returned, he told Petitioner, "[The State and I] both agree [the trial court's] going to give you [ten] to [twelve] . . . but I'm going to ask for probation after the six is done." Petitioner said he agreed to the offer because he thought "the worst [the trial court] [could] do to [him] [was] two extra years of what they originally offered [him]." He added, "If there's a chance I might get probation, why wouldn't I take it."

Petitioner was asked if trial counsel ever discussed whether Petitioner "would be anything more or greater than a range one standard offender." The State objected on the grounds that this issue "was not included in [Petitioner's] petition as an alleged fact and nor [had] any amendments been made to allow for that fact to be entered." The State argued that "the hearing is supposed to be limited to the issues raised in the petition and any amendment." In response, Petitioner argued,

> [He] was statutorily ineligible for probation and that was not told to him and that's what he's going to testify here, because of the career designations that [trial counsel] did not have any discussions with him. And had he known those particular things, [he] would not be challenging his plea as not being a knowing, voluntarily and intelligently entered plea agreement. Because he didn't know these things, that is part of the basis for him not knowingly, voluntarily and intelligently entering into his plea agreement.

The post-conviction court sustained the State's objection, noting, "There's nothing in [Petitioner's] allegations that talks about what range he's in."

Petitioner testified that based on his conversations with trial counsel, he believed he was eligible for probation when he signed the plea agreement. He testified that had he known that he was ineligible, he would not have signed the plea agreement and instead would have "talk[ed] to [trial counsel] and maybe see if [he] could have went back to . . . [his] original plea bargain." Upon further questioning, Petitioner testified:

> Q. Would you have signed the plea agreement and entered this plea if you had known you were going to get [thirty] years?
>
> A. No.
>
> Q. Would you have went to trial possibly if you had known the Court was going to give you [thirty] years?

A. Possibly, yes.

On cross-examination, Petitioner stated that both trial counsel and his appointed attorney were present with him in court when he entered a plea in all three cases on the same day. The State questioned Petitioner specifically about the plea colloquy and Petitioner's understanding of his sentencing exposure on each count:

Q. [A]s part of [the plea colloquy] [the trial court] would have went through what each crime that you are pleading guilty to, carried, a minimum sentence and a maximum sentence; correct?

A. Yes.

Q. [The court] would have went through, on [c]ounts [eight] through [seventeen] on the misdemeanor offense [c]ount [eight], that you would, could get a maximum of [eleven] months [and twenty-nine] days; correct?

A. Yes.

Q. On [c]ount [nine], theft over $2,500, a Class D felony, that you could get anywhere from two to [twelve] years; correct?

A. Yes.

Q. On [c]ount [ten], burglary, same Class D felony, that [the trial court] could sentence you anywhere from two to [twelve] years; correct?

A. Yes.

Q. Counts [eleven], [twelve] and [thirteen], theft under [$1,000], Class A misdemeanors, that [the court] could sentence you up to [eleven] months and [twenty-nine] days; correct?

A. Yes.

Q. Count , theft over [$1,000], a Class E felony, [the court] could sentence you anywhere from one to six years; correct?

A. Yes.

Q. Count [fifteen], aggravated burglary, Class C felony, [the court] could sentence you from [three] to [fifteen] years; correct?

A. Yes.

Q. Count [sixteen], auto burglary, Class E felony, [the court] could sentence you to anywhere from one to six years; correct?

A. Yes.

Q. Count 17, theft over $1,000, Class C felony, [the court] could sentence you anywhere from one to six years, correct?

A. Yes.

. . .

Q. And you went through that and answered that you understood that through those pleas; correct?

A. Yes.

Q. And at the very end [the trial court] asked you if you were knowing and voluntarily entering into that plea; correct?

A. Yes.

Upon further questioning, Petitioner said, "There was nothing spoken about individual [counts]." He added, "I was told that I was going to get a [ten] to [twelve] all together on top of the six [for cases 18329 and 18330]."

Petitioner did not call trial counsel as a witness at the post-conviction hearing, but the attorney appointed to represent him in cases 18329 and 18330 did testify. The attorney testified that he had negotiated a plea agreement for Petitioner that was somewhat contingent on decisions to be made in case 17737. He stated that he was "kind of waiting to see how [case 17737] resolved." The attorney admitted that there were times when he met with both trial counsel and Petitioner to discuss a global resolution in the three cases. However, he noted that he was not present when trial counsel advised Petitioner regarding the plea agreement in case 17737, nor did he offer Petitioner any advice related to that plea. The attorney stated that he "came out of there with what [he] thought was a clear understanding of what the ultimate outcome of the case" would be and that he did not have

any "concern." The attorney testified that he was present, along with trial counsel, at Petitioner's plea hearing, but that he was in and out of the courtroom tending to other clients during Petitioner's sentencing hearing. He had returned and was present when the trial court announced Petitioner's sentence and was "taken by surprise" by the outcome, as it was different than what he expected.

Neither Petitioner nor the State presented any additional proof.

On February 12, 2025, the post-conviction court issued a written order denying Petitioner relief. In its findings of fact, the court stated that Petitioner "had entered a guilty plea with no recommended or agreed upon sentence by [Petitioner] and the State. He agreed for the Judge to sentence him. That is clear based upon the language in the Waiver of Trial and Request to Accept Plea of Guilty and [Petitioner's] testimony." The post-conviction court also noted that on the plea waiver form, Petitioner acknowledged that trial counsel had discussed and reviewed the table of punishments and parole/release eligibility percentages for his offenses with him, that he understood the trial court could consider prior convictions when determining his sentences, that the trial court would decide whether his sentences would be served concurrently or consecutively, and that his "decision to plead guilty [was] voluntary and not the result of force or threats or of promises apart from the plea agreement."

The post-conviction court concluded that Petitioner failed to prove that trial counsel's performance was deficient or that Petitioner was prejudiced by trial counsel's performance, stating,

> [Petitioner] cannot rely on hindsight. In looking at the circumstances existing at the time of the plea, this Court concludes that counsel's conduct did "fall within the wide range of reasonable professional assistance." Further, [Petitioner] did not show that his attorney's representation "fell below an objective standard of reasonableness." [Petitioner] did not provide sufficient facts to rebut the presumption "that counsel's conduct falls within a wide range of professional assistance."

Petitioner filed a timely notice of appeal challenging the order of the post-conviction court.

## Analysis

On appeal, Petitioner argues the post-conviction court erred in denying his claim that trial counsel was ineffective in advising him to enter an open guilty plea without properly informing him of his sentencing exposure and statutory ineligibility for probation.

Further, Petitioner presents a standalone claim arguing that the post-conviction court erred when it determined that his plea was intelligently, knowingly, and voluntarily entered. The State responds that Petitioner failed to prove his ineffective assistance of counsel claim by clear and convincing evidence. Additionally, the State asserts that Petitioner's claim that he did not intelligently, knowingly, and voluntarily enter his plea is waived because it was not included in his post-conviction petition nor was it litigated at the post-conviction hearing.

Under the Post-Conviction Procedure Act, a criminal defendant may seek relief from a conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. As such, "[t]he deprivation of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act." *Howard v. State*, 604 S.W.3d 53, 57 (Tenn. 2020) (quoting *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016)).

The petitioner bears the burden of proving the allegations of fact in his post-conviction petition by clear and convincing evidence. *See* T. C. A. § 40-30-110(f); *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). A claim of ineffective assistance of counsel in a post-conviction petition presents "a mixed question of law and fact that this Court reviews de novo." *Phillips v. State*, 647 S.W.3d 389, 400 (Tenn. 2022) (citing *Dellinger*, 279 S.W.3d at 294). However, the post-conviction court's factual findings are conclusive on appeal unless the evidence preponderates against them. *Howard*, 604 S.W.3d at 57 (citing Tenn. R. App. P. 13(d)); *see also, Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014); *Fields v. State*, 40 S.W.3d 450, 456, n.4 (Tenn. 2001). Accordingly, as an appellate court, we are not to re-weigh or re-evaluate the evidence or substitute our inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001).

We will first address whether Petitioner's stand-alone claim that his plea was not intelligently, knowingly, and voluntarily entered is waived. An issue is waived "if the petitioner personally or through an attorney fail[s] to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented[,]" with two limited exceptions.[4] *Holland v. State*, 610 S.W.3d 450, 457-58

---

[4] When "[t]he claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or . . . [t]he

(Tenn. 2020) (citing T.C.A. § 40-30-106(g)); *see, Grindstaff v. State*, 297 S.W.3d 208, 218-19 (Tenn. 2009) (holding that a petitioner waived his claim that he did not knowingly and intelligently enter into his guilty plea because "neither the original petition nor the amended petition . . . specifically alleged" this ground and the post-conviction court did not make any determination as to the issue). "Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection." *Holland*, 610 S.W.3d at 458.

Here, Petitioner filed a pro se petition for post-conviction relief raising a single issue of ineffective assistance of counsel; his petition did not include a claim that his plea was not knowingly and intelligently entered. Post-conviction counsel did not file an amended petition.[5] The issue was not directly argued at the post-conviction hearing. And while the post-conviction court's findings of fact include language directly quoted from the plea waiver form, the court did not draw any conclusion regarding whether Petitioner intelligently, knowingly, and voluntarily entered his guilty plea. *See Jones v. State*, No. W2020-01743-CCA-R3-PC, 2022 WL 99977, at *5 (Tenn. Crim. App. Jan. 11, 2022) ("This issue is waived. Even though the issue was discussed at the post-conviction hearing and the State failed to object, the issue was not raised in a petition for post-conviction relief, and the post-conviction court did not rule on it."), *perm. app. denied* (Tenn. May 18, 2022). For these reasons, we conclude that the issue of whether Petitioner's guilty plea was intelligently, knowingly, and voluntarily entered, as an independent claim, is waived.

Regarding Petitioner's ineffective assistance of counsel claim, Petitioner contends that trial counsel rendered deficient performance by advising Petitioner if he rejected the State's ten-year offer and allowed the trial court to determine his sentence, the court would impose no less than a ten and no more than a twelve-year sentence, and probation was likely or at least possible. Petitioner argues that he was prejudiced by trial counsel's deficient performance because "he now has to serve eighteen more years" than what was

---

failure to present the ground was the result of state action in violation of the federal or state constitution," the court may grant an exception to the general waiver rule. T.C.A. § 40-30-106(g)(1)-(2). Neither exception applies in this case.

[5] Though not raised by either party, we feel compelled to note that Tennessee Code Annotated section 40-30-107(b) requires appointed counsel to "file an amended petition or a written notice that no amendment will be filed." We do not resolve that issue today due to the parties' decision not to address it as well as the fact that the merits of the petitioner's claim do not entitle him to relief as discussed *infra*. Moreover, Tennessee Supreme Court Rule 28, section 6(c)(5) provides that "appointed counsel who fails to comply with this section may be denied compensation for services rendered." The better practice for both post-conviction courts and counsel would be to ensure compliance with the mandatory language of the statute prior to conducting a hearing.

discussed. The State responds that Petitioner is not entitled to relief because he failed to prove by clear and convincing evidence that trial counsel was deficient.

In evaluating ineffective assistance of counsel claims arising from the plea process, courts apply the two-pronged test established in *Strickland v. Washington*. *See, Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009). The burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see, Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993); *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). Deficient performance is representation that falls below "an objective standard of reasonableness" as measured by prevailing professional norms. *Kendrick*, 454 S.W.3d at 457 (quoting *Strickland*, 466 U.S. at 688); *see also, Baxter v. Rose*, 523 S.W.2d 930, 932-33 (Tenn. 1975).

To show prejudice in relation to a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Grindstaff*, 297 S.W.3d at 216-17 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Reasonable probability is a lesser burden of proof than preponderance of the evidence. *Kendrick*, 454 S.W.3d at 458 (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Failure to satisfy either prong results in the denial of relief. *Strickland*, 466 U.S. at 697; *Nesbit v. State*, 452 S.W.3d 779, 786-87 (Tenn. 2014). Accordingly, if either factor is not satisfied, there is no need to consider the other factor. *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (citing *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004)).

Here, the post-conviction court found that Petitioner did not meet his burden of proof that his attorney's representation "fell below an objective standard of reasonableness." Petitioner did not provide sufficient facts to rebut the presumption "that counsel's conduct falls within a wide range of professional assistance." The evidence does not preponderate against this finding.

The record reflects that Petitioner entered a guilty plea in which sentencing would be determined by the trial court. The written waiver, signed by Petitioner, acknowledged that Petitioner had discussed the possible punishments with counsel and reviewed the sentencing range tables. Petitioner did not include a transcript of the plea colloquy in the appellate record. It is the appellant's duty to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court. Tenn. R. App. P. 24(b). In the absence of an adequate record, this court must presume that the trial court's ruling was correct. *State v. Ballard*, 855 S.W. 2d 557, 560-61 (Tenn. 1993). "Statements made by a petitioner, his attorney, and the prosecutor during the plea colloquy, as well as any findings

made by the trial court in accepting the plea, 'constitute a formidable barrier in any subsequent collateral proceedings.'" *Cosey v. State*, No. M2024-00561-CCA-R3-PC, 2025 WL 662950, at *8 (Tenn. Crim. App. Feb. 28, 2025) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)), *perm. app. denied* (Tenn. Aug. 6, 2025).

This court has previously held that inaccurate or erroneous advice regarding sentencing predictions does not amount to ineffective assistance when a defendant enters a knowing and voluntary guilty plea after an adequate plea colloquy that informs the petitioner of the maximum possible sentence and the court's sentencing discretion. *See, Sexton v. State*, 151 S.W.3d 525, 531-32 (Tenn. Crim. App. 2004) (noting that the trial court's plea colloquy had properly informed the petitioner of the maximum possible sentence and the court's sentencing discretion). Without the transcript from the plea hearing, we are unable to review Petitioner's plea colloquy. However, at the post-conviction hearing, Petitioner agreed that the trial court told him the sentencing range of each count. His testimony was consistent with the plea waiver form in the record.

Petitioner also failed to present testimony from trial counsel at the post-conviction hearing, instead relying on his own testimony and that of his appointed attorney in cases 18329 and 18330 to support his claims. Petitioner's failure to call trial counsel as a witness at the post-conviction hearing significantly undermines his ability to meet the burden of proving ineffective assistance claims. *See, Morgan v. State*, 1 Tenn. Crim. App. 454, 445 S.W.2d 477 (Tenn. Crim. App. 1969). This court has routinely cited *Morgan* in stating that "a post-conviction relief petitioner's uncorroborated testimony is insufficient to carry the burden of proof where the judgment is regular on its face and entitled to the presumption of validity." *Carter v. State*, 102 S.W.3d 113 (Tenn. Crim. App. 2002) (citing cases). While the post-conviction court did not specifically state that it found Petitioner's testimony not credible, it found, based on the record, that Petitioner failed to prove trial counsel rendered deficient performance, and the record does not preponderate against this finding.

As we have concluded that trial counsel was not deficient, it is unnecessary to analyze Petitioner's claim under the prejudice prong of *Strickland*. However, we note that for Petitioner to prove he was prejudiced by trial counsel's perceived deficiency, he would have to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and *would have insisted on going to trial.*" *Grindstaff*, 297 S.W.3d at 216-17 (quoting *Lockhart*, 474 U.S. at 59) (emphasis added). Petitioner testified that he would not have pled guilty had he known he would be sentenced to thirty years. He did not testify that he would have insisted on going to trial but instead said that he would have "possibly" gone to trial, but what he wanted was to "see if [he] could have went back to . . . [his] original plea bargain." The record does not support Petitioner's claim that he was prejudiced by any perceived deficiency of trial counsel.

We conclude that the record supports the post-conviction court's finding that Petitioner was not denied the effective assistance of counsel. Petitioner is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

s/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE