IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 6, 2013

## JASON MARTINDILL v. DWIGHT BARBEE, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6629     Joseph H. Walker III, Judge**

_____

**No. W2012-02624-CCA-R3-HC  - Filed November 13, 2013**

_____

The Petitioner, Jason Martindill, appeals the Lauderdale County Circuit Court's summary dismissal of his pro se petition for writ of habeas corpus.  On appeal, the Petitioner asserts that the habeas corpus court erred in dismissing his petition without the benefit of an evidentiary hearing.  Upon review, we affirm the judgment of summary dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Jason Martindill, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In 2007, the Petitioner entered a guilty plea to first degree murder for his involvement in the death of Paulette Trice.  Pursuant to the negotiated plea agreement, the State dismissed two other charges against him, felony murder and aggravated arson, and he received a life sentence with the possibility of parole.  He did not file a direct appeal from his guilty plea or sentence.

In 2008, the Petitioner filed a timely pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel and that he did not enter his guilty plea voluntarily, knowingly, and intelligently.  The post-conviction court denied relief and this

Court affirmed the judgment on appeal. Jason Martindill v. State, No. W2009-01003-CCA-R3-PC, 2010 WL 2219589, at *1 (Tenn. Crim. App. May 27, 2010).

On November 19, 2012, the Petitioner filed a pro se petition for writ of habeas corpus, alleging that the trial court lacked jurisdiction and authority to sentence him. On November 21, 2012, the habeas corpus court entered an order summarily dismissing the petition, reasoning that the Petitioner failed to attach a copy of the judgment causing the restraint or a copy of the record of the proceedings to his petition and failed to raise any cognizable claims for relief. It is from this order that the Petitioner now appeals.

## ANALYSIS

On appeal, the Petitioner alleges that the habeas corpus court erred in dismissing his petition without the benefit of an evidentiary hearing. He further claims that his sentence is void because the trial court lacked jurisdiction and authority to sentence him. Specifically, he asserts that he was arrested without an arrest warrant or subsequent finding of probable cause, unlawfully extradited from Texas to Tennessee to face charges, and sentenced without a "true bill indictment" being filed against him. The State responds that the habeas corpus court properly summarily dismissed the petition because the Petitioner failed to meet the procedural requirements for habeas corpus relief and failed to put forth any meritorious claims entitling the Petitioner to relief. Upon review, we agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially

invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b) (2006). A habeas corpus court may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements. Summers, 212 S.W.3d at 260 (citing Hickman, 153 S.W.3d at 21).

In the present case, the Petitioner argues that it is improper to dismiss his pro se petition for writ of habeas corpus based on procedural deficiencies without the opportunity to amend the petition with the aid of appointed counsel, citing to the Tennessee Rules of Post-Conviction Procedure. See Tenn. Sup. Ct. R. 28, § 6(B)(4)(b) ("No pro se [post-conviction] petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel."). However, the rules cited by the Petitioner pertain to post-conviction relief and do not govern the procedural requirements of a habeas corpus petition. A petitioner's pro se status does not excuse his procedural deficiencies within the context of habeas corpus relief. See Summers, 212 S.W.3d at 261 (declining to "incorporate the liberal procedural safeguards of the Post-Conviction Procedure Act into the provisions governing habeas corpus" and reiterating that habeas corpus procedures are "mandatory and strictly applied" even against pro se petitioners). The Petitioner failed to fulfill the procedural requirements set out in section 29-21-107(B)(2) because he failed to attach copies of the indictment or judgment of conviction to his petition. Accordingly, the habeas corpus court could have properly dismissed his petition based on this ground alone. See T.C.A. § 29-21-107(b); Summers, 212 S.W.3d at 259.

Despite the procedural deficiencies in the petition, the habeas corpus court also considered the merits of the petition and concluded that the Petitioner failed to raise any cognizable claims for habeas corpus relief.[1] We agree with this conclusion. First, the Petitioner maintains that he is entitled to relief because he was arrested without an arrest warrant or subsequent probable cause finding. Before addressing the merits of this claim, we note that the Petitioner has failed to support his claim by citation to relevant authority or appropriate references to the record, and therefore has waived review by this Court. See Tenn. Ct. Crim. App. R. 10(b). Nevertheless, this claim is without merit. This Court has previously held that an "[a]rrest without a warrant does not per se violate any constitutional right entitling the [petitioner] to post-conviction relief by habeas corpus where he is

_____

[1] Where the habeas corpus court addresses both the procedural defects in the petition as well as the merits of the petition, this Court will also undertake a merits review. See, e.g., Cooper v. Carlton, No. E2011-00783-CCA-R3-HC, 2012 WL 1523960, at *2 (Tenn. Crim. App. April 30, 2012).

subsequently convicted upon a valid indictment." Nelson v. State, 470 S.W.2d 32, 33 (Tenn. Crim. App. 1971); see also, State v. Marvin Kale Ferguson, No. 03-C-01-9406-CR-00234, 1995 WL 412430, at *1 (Tenn. Crim. App. July 12, 1995) ("[T]he mere fact an accused's arrest was unconstitutional, invalid, or illegal, standing alone, will not afford the accused relief from his conviction."). Therefore, even assuming the Petitioner was illegally arrested, this fact alone does not afford him relief.

Second, the Petitioner alleges that his "extradition proceedings [were] null and void." Again, the Petitioner fails to support this claim with argument, citation to authority, or references to the record. In any event, this claim is likewise without merit. We note that "absent outrageous or illegal conduct by the arresting authorities so extreme as to shock the conscience," there is no relief against extradition proceedings. Sneed v. State, 872 S.W.2d 930, 937 (Tenn. Crim. App. 1993) (quoting Elliott v. Johnson, 816 S.W.2d. 332, 339 (Tenn. 1991)). Moreover, any challenges to the extradition process must be raised prior to trial to avoid waiver of personal jurisdiction. Sneed, 872 S.W.2d at 937. Following a trial or guilty plea, "[p]rior defects in the extradition process, no matter how egregious, provide[] no basis for relief." Id. (citing Swaw v. State, 457 S.W.2d 875 (1970)). Here, the Petitioner did not raise his challenge to the extradition process prior to trial, and instead entered a guilty plea upon which he was convicted. Consequently, he waived personal jurisdiction and is not entitled to habeas corpus relief.

Third, the Petitioner claims that his judgment is void because the trial court failed to "file any indictments in open court against" him. We begin by observing that "a valid indictment is an essential jurisdiction element, without which there can be no prosecution." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997)). Although most defenses or objections to a defective indictment must be raised prior to trial or they are waived, see Tenn. R. Crim. P. 12(b)(2), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. In order to allow appellate review, the petitioner must attach the indictment to the habeas corpus petition to support his claim. See T.C.A. § 29-21-107(b)(2); see also, Summers, 212 S.W.3d at 254 (holding that summary dismissal was appropriate where petitioner failed to attach pertinent documents to his habeas corpus petition to support his factual allegations).

In the present case, the Petitioner did not attach the indictment to his petition to allow our review. He explains in his petition that he "cannot produce an indictment for review[] because no such true bill was filed by the State against the Petitioner." We are unpersuaded by this argument. As noted by the State in its brief, an indictment certainly existed in this case as it was referenced by this Court in its opinion on the Petitioner's post-conviction

appeal. See Martindill, 2010 WL 2219589, at *1.[2] If instead the Petitioner's claim is that the indictment was so defective as to deprive the court of jurisdiction, his failure to attach the defective indictment precludes our review. See Summers, 212 S.W.3d at 254; State v. Ballard, 855 S.W.2d 557, 561 ("Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue.") (citing Tenn. R. App. P. 24(b)). Therefore, the Petitioner is not entitled to relief.

Finally, the habeas corpus court concluded that the Petitioner is not entitled to relief even if the petition were addressed as one for post-conviction relief. We agree. Under Tennessee Code Annotated section 40-30-105(c), trial courts are permitted to treat habeas corpus petitions as post-conviction petitions "when the relief and procedure [authorized by the Post-Conviction Procedure Act] appear adequate and appropriate." However, as noted by the habeas corpus court, the Petitioner has previously filed a post-conviction petition, which was resolved on the merits by a court of competent jurisdiction, and therefore, any subsequent petition is subject to summary dismissal. See T.C.A. § 40-30-102(c). Additionally, the Petitioner's sentence became final in 2007 and this petition was filed in 2012; therefore, it falls well outside of the one year statute of limitations applicable for post-conviction petitions. See Id. § 40-30-102(a). The Petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. McMULLEN, JUDGE

---

[2] We may take judicial notice of facts and conclusions in this Court's opinion in the Petitioner's post-conviction appeal. See Tenn. R. App. P. 13(c).