IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 30, 2019

**TEDDY OGLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Jefferson County**
**No. 308445    Rex H. Ogle, Judge**

———————————————————

**No. E2018-01522-CCA-R3-PC**

———————————————————

AND

**TERRY OGLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Jefferson County**
**No. 13811     Rex H. Ogle, Judge**

———————————————————

**No. E2018-01521-CCA-R3-PC**

———————————————————

AND

**RONNIE RAY OGLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Jefferson County**
**No. 14075     Rex H. Ogle, Judge**

———————————————————

**No. E2018-01520-CCA-R3-PC**

———————————————————

Messrs. Teddy and Terry Ogle filed a "Petition for Rule 60(b)" relief. Mr. Ronnie Ray Ogle filed a "Petition for Writ of Habeas Corpus and/or Motion for Correction of [I]llegal Sentence and Amended Motion for Relief from Judgment." The trial court treated the pleadings as petitions for post-conviction relief and dismissed the petitions because they were filed well after the statute of limitations. This court consolidated the three appeals. After a thorough review of the record and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Teddy Ogle, Terry Ogle and Ronnie Ray Ogle, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; James B. Dunn, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

*Procedural Background*

On May 1, 2000, pursuant to a negotiated plea agreement, Teddy Ogle (also known as Ted Lee Ogle), Terry Ogle (also known as Terry Lee Ogle), and Ronnie Ray Ogle each entered pleas of guilty to felony murder, aggravated robbery, and first degree premeditated murder. Messrs. Teddy and Terry Ogle received an effective sentence of life without parole, and Mr. Ronnie Ray Ogle received an effective sentence of life.

On November 2, 2017, Messrs. Teddy and Terry Ogle filed substantially identical pro se pleadings entitled "A Petition for Rule 60(b)" ("Messrs. Teddy and Terry Ogle's petitions"). Each claimed that he received an illegal sentence because he was improperly extradited from Alabama, and the trial court judge refused to recuse.[1] The post-conviction court interpreted both Rule 60 petitions to be a petition for post-conviction relief because both Petitioners sought "to re-litigate matters that were raised in the trial court." The court found that the petitions were barred by the statute of limitations and dismissed the petitions. Messrs. Teddy and Terry Ogle timely filed a notice of appeal.

On May 31, 2018, Mr. Ronnie Ray Ogle filed, pro se, a "Petition for Writ of Habeas Corpus and/or Motion for Correction of [I]llegal Sentence and Amended Motion for Relief from Judgment" (Mr. Ronnie Ray Ogle's petition). He claimed that the affidavit of complaint did not establish probable cause, that "life with possibility of parole" was an illegal sentence under Tennessee Rule of Criminal Procedure Rule 36.1,

---

[1] It is unclear from the appellate record whether Messrs. Teddy and Terry Ogle's petition referred to Federal Rule of Civil Procedure 60(b), which discusses relief from a civil judgment or order, Tennessee Rule of Criminal Procedure 60, which only concerns the title and citation of the criminal rules, or Tennessee Rule of Civil Procedure 60.02, which also provides relief from civil judgments or order.

that he was improperly extradited from Alabama, that his sentence was excessive, and that his guilty plea was not knowingly entered. The trial court also interpreted Mr. Ronnie Ray Ogle's petition to be a petition for post-conviction relief, determined that it was time barred, and summarily dismissed the petition. Mr. Ronnie Ray Ogle timely filed a notice of appeal.

This court ordered the three appeals consolidated pursuant to Tennessee Rule of Appellate Procedure 16.

*Analysis*

Messrs. Teddy and Terry Ogle's Petitions

Messrs. Teddy and Terry Ogle filed a single joint brief in this court. The brief lists eight "Issues Presented for Review" as required by Tennessee Rule of Appellate Procedure 27(a)(4), but those issues do not correspond with the issues raised in the argument section of the brief as required by Tennessee Rule of Appellate Procedure 27(a)(7). "[I]ssues must be included in the Statement of Issues Presented for Review as required by Tennessee Rules of Appellate Procedure 27(a)(4)" to be properly before an appellate court. *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001); *see also Bunch v. Bunch*, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Crim. P. 10(b); *see also State v. David G. Housler*, No. M2002-00419-CCA-R3-CD, 2004 WL 367724, at \*19 (Tenn. Crim. App. Feb. 27, 2004), *aff'd on other grounds by* 193 S.W.3d 476 (Tenn. 2006).

Messrs. Teddy and Terry Ogle's brief is inadequate because the issues presented for review are not supported by argument. Despite our conclusions that the brief is inadequate, we will determine whether the lower court properly construed the Rule 60 petitions as post-conviction relief petitions because of the severity of a sentence of life without possibility of parole. *See State v. Sharod Winford Moore*, No. M2015-00663-CCA-R3-CD, 2016 WL 3610438, at \*9 (Tenn. Crim. App. June 28, 2016).

Messrs. Teddy and Terry Ogle claim in their brief that the trial court erred "when it decided to change [their] habeas petition/motion to correct or vacate judgment to one for post[-]conviction relief[.]" However, Messrs. Teddy and Terry Ogle did not file a petition for habeas corpus relief; instead, they filed a "Rule 60(b)" petition.

Both Federal Rule of Civil Procedure Rule 60(b) and Tennessee Rule of Civil Procedure 60.02 govern relief from civil judgments. Tennessee Rules of Civil Procedure "govern procedure in the circuit or chancery courts in all civil actions, whether at law or

- 3 -

in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts." Tenn. R. Civ. P. 1; *see State v. Mario Antoine Leggs*, No. M2017-01963-CCA-R3-CO, 2018 WL 1353643, at *2 (Tenn. Crim. App. Mar. 15, 2018) (stating that the Tennessee Rules of Civil Procedure do not apply in criminal cases). Messrs. Teddy and Terry Ogle's reliance on Tennessee Rule of Civil Procedure 60.02 is misplaced. Judgments of conviction are criminal matters governed by the Tennessee Rules of Criminal Procedure. *See Duane M. Coleman v. State*, No. M2012-00848-CCA-R3-PC, 2013 WL 948430, at *2 (Tenn. Crim. App. Mar. 11, 2013), *no perm. app. filed*; *see also Andre L. Mayfield v. State*, No. M2012-00228-CCA-R3-HC, 2012 WL 5378078, at *2 (Tenn. Crim. App. Oct. 26, 2012), *no perm. app. filed*. Rather than simply dismiss the Rule 60 petitions, the trial court gave Messrs. Teddy and Terry Ogle some leeway and construed the pleading as a post-conviction relief petition.

Before the judgments of conviction became final, Messrs. Teddy and Terry Ogle could have moved to withdraw their pleas. Tenn. R. Crim. P. 32(f)(2). After the judgments of conviction became final, Messrs. Teddy and Terry Ogle's options for relief were limited. If the basis of their claims was that their pleas were not entered voluntarily and knowingly or that Messrs. Teddy and Terry Ogle received ineffective assistance of counsel concerning entering their guilty pleas, then the appropriate avenue for relief would be a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-103. Habeas corpus relief "is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Relief pursuant to Tennessee Rule of Criminal Procedure 36.1 is available if the sentence is illegal. *State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

The only "colorable claim" that can be determined from the Rule 60 petition was an unsupported statement that "the sentences are the result of [u]nknowing guilty pleas not understandingly made." This claim, "if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2 (H). This claim would not be a colorable claim for relief pursuant to habeas corpus or Rule 36.1. Thus, the lower court did not err in construing Messrs. Teddy and Terry Ogle's Rule 60 petitions as petitions for post-conviction relief.

Here, Messrs. Teddy and Terry Ogle were required to file the petition for post-conviction relief "within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." *See* Tenn. Code Ann. § 40-30-102(a)-(b). Messrs. Teddy and Terry Ogle's "Amended Judgments" became final on August 10,

2000, over seventeen years before they filed their post-conviction petitions. Moreover, they make no argument that they are entitled to due process tolling. Thus, the lower court correctly ruled that the petitions were barred by the statute of limitations and dismissed the petitions. Messrs. Teddy and Terry Ogle are not entitled to relief on this ground, and we affirm the dismissal of their petitions.

Mr. Ronnie Ray Ogle's Petition

Mr. Ronnie Ray Ogle filed, pro se, a "Petition for Writ of Habeas Corpus and/or Motion for Correction of [I]llegal Sentence and Amended Motion for Relief from Judgment[.]" He claimed that the affidavit of complaint did not establish probable cause, that "life with possibility of parole" was an illegal sentence, that he was improperly extradited from Alabama, that his sentence was excessive, and that his guilty plea was not knowingly entered.

As was the case with the brief filed by Messrs. Teddy and Terry Ogle, the twelve "Issues Presented for Review" in Mr. Ronnie Ray Ogle's brief do not correspond at all with the four issues addressed in the argument section as required by Tennessee Rule of Appellate Procedure 27(a)(7). "[I]ssues must be included in the statement of issues presented for review as required by Tennessee Rules of Appellate Procedure 27(a)(4) to be properly before an appellate court." *Hawkins*, 86 S.W.3d at 531; *Bunch*, 281 S.W.3d at 410. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Crim. P. 10(b); *see also David G. Housler*, 2004 WL 367724, at *19.

Mr. Ronnie Ray Ogle's brief is inadequate because the issues presented for review are not supported by argument. Despite our conclusions that the brief is inadequate, we chose to conduct a review of the issue relative to the trial court's conversion of Mr. Ronnie Ray Ogle's petition to a post-conviction relief petition because of the severity of a life sentence. *See Sharod Winford Moore*, 2016 WL 3610438, at *9.

### *Colorable claim under Rule 36.1*

Mr. Ronnie Ray Ogle claims that the trial court erred in converting his petition into a petition for post-conviction relief because his petition presented a colorable claim for Rule 36.1 relief. Mr. Ronnie Ray Ogle avers that he was "misled by the offer of 'life with parole,' as announced by the State in enticing [him] to plead guilty."

A colorable claim under Rule 36.1 is a claim that taken as true and in a light most favorable to movant, would entitle movant to relief. *See Wooden*, 478 S.W.3d at 587.

"[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

At the time Messrs. Teddy, Terry, and Ronnie Ray Ogle committed murder, there were only three possible sentences for a person convicted of first degree murder: life, life without possibility of parole, or death. *See* Tenn. Code Ann. § 39-13-202(c)(1)-(3) (1997). Petitioner is correct in arguing that there is no parole for a life sentence; a person convicted of first degree murder and sentenced to life must serve sixty years at one hundred percent "less any sentence reduction credits up to 15%[.]" *See State v. Robert Guerrero*, No. M2014-01669-CCA-R3-CD, 2015 WL 2208546, at *1 (Tenn. Crim. App. May 11, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015); *see also* Tenn. Code Ann. § 40-35-501(i)(1), (2)(A). If a defendant is released before sixty years' service based on reduction credits, the sentence is served, and the defendant is not on parole.

Here, the judgments of conviction and the amended judgments of conviction show that Mr. Ronnie Ray Ogle was sentenced to "life[.]"[2] A sentence of life was authorized by the applicable statute. Tenn. Code Ann. § 40-35-501(i)(1). The life sentence was not and is not an illegal sentence, and the claims in Mr. Ronnie Ray Ogle's petition are insufficient to state a colorable claim for relief under Rule 36.1. Mr. Ronnie Ray Ogle is not entitled to relief on this ground.

### *Colorable claim under habeas corpus*

Additionally, Mr. Ronnie Ray Ogle argues that the lower court erred in construing his petition as a petition for post-conviction relief because it alleged a colorable claim for habeas corpus relief.

In Tennessee, habeas corpus relief is only available when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (internal quotation marks omitted) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)).

Here, Mr. Ronnie Ray Ogle claims the trial court was without jurisdiction or authority to sentence him because he was improperly extradited from Alabama, the affidavit of complaint was defective due to allegedly false statements contained therein, and the trial court refused to recuse itself. Once Mr. Ronnie Ray Ogle entered pleas of guilty and the judgments of conviction became final, he could no longer challenge his

---

[2] The transcript of the sentencing hearing was not included in the appellate record.

convictions "based on deficiencies in the extradition process." *Sneed v. State*, 872 S.W.2d 930, 931 (Tenn. Crim. App. 1993) (citing *Swaw v. State*, 457 S.W.2d 875 (Tenn. Crim. App. 1970)). Additionally, by entering a plea of guilty, Mr. Ronnie Ray Ogle waived any claim regarding the trial court's refusal to recuse itself and regarding allegedly false statements contained in the affidavit of complaint. Therefore, his petition does not state a colorable claim for habeas corpus relief. There is no merit to Mr. Ronnie Ray Ogle's claim that the trial court improperly converted his petition to a post-conviction petition because his petition only contained a colorable claim for post-conviction relief. The trial court's only other alternative was to simply dismiss the petition outright. Mr. Ronnie Ray Ogle is not entitled to relief on this ground.

## *Conclusion*

The trial court's judgments dismissing the petitions filed by Messrs. Teddy, Terry, and Ronnie Ray Ogle are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE